THOS. HOUSE *v.* HENRY BRIGHT et al.

Land — Suit to Enforce Purchase-Money Lien — Loss of Party by Superior Title — Damage — Cost — Credit.

Appellees sued appellant to enforce the collection of a balance due on the purchase price of land. The appellant pleaded that the land was conveyed to him with covenants of general warranty, that at the date of the conveyance about 1¾ acres were in the adverse possession of another for which he had brought suit and was defeated by a superior title, that he was at considerable cost and trouble prosecuting said suit, that on account of the peculiar situation of the land lost he was damaged in the sum of $400, which was set up by way of county claim. The appellee admitted the suit and the loss of the land, but denied the damages. *Held*, that appellant had a right to a credit, not only for the fair value of the land which he failed to recover, considering the relative value of the land lost, to the residue of the fact, and the cost adjudged against him in the suit to recover the land.

APPEAL FROM LINCOLN CIRCUIT COURT.

December 13, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

This was an equitable action, brought by appellees to enforce the payment of $897.89, the unpaid part of the purchase price of a tract of land purchased by appellant, subject to two credits, one for $62.80 of date November 16, 1859, the other for $280 paid 18th January, 1860, by sale of the land.

As a defense, appellant pleaded that Engleman had conveyed the land to him by deed, with covenant of general warranty for part payment of which the note sued on was executed, that at the date of the conveyance about one and three-quarter acres of the land embraced in the deed were in the adverse possession of one Blackaby, for which he had brought suit in the Lincoln Circuit Court against said Blackaby, and was defeated, Blackaby having the superior title to said land, and made a transcript of the record of the action for the recovery of the land part of his answer and filed the same — alleges that he was at considerable costs and trouble in prosecuting said suit amounting to $         , that he had since purchased the land of Blackaby at the price of

34

$87.50 and that on account of the peculiar location of the land in possession of Blackaby he was damaged at least $400 which he claims, and set up then several amounts by way of counterclaim, and asked a credit therefor.

In the reply of appellees, the prosecution of the suit by appellant for the recovery of the land in Blackaby's possession and his failure to recover it are admitted, but the charge that appellant had sustained damage thereby to the amount of $400 is denied and they deny that the land was worth $87.50, say they are willing to allow a credit for the value thereof, which they fix at $21, but fail to respond directly to the allegation that appellant had expended $          for costs and labor in prosecuting the action against Blackaby.

On final hearing the court below rendered judgment for the full amount of the note, without allowing any credits indorsed thereon, and to which appellees in their petition state appellant is entitled, and only credit him by $42, the estimated value of the lost land, and to enforce payment of the balance of the note with the costs of the suit a sale of the land was ordered.

This judgment, we think, cannot be sustained; appellant had a right to a credit not only for the fair value of the land which he failed to recover, but he also was entitled to a credit for the costs adjudged to Blackaby in the action recovered against him and which were claimed in the answer; a copy of the record was filed in which the judgment for costs was rendered, and furnished evidence of the fact, even if the reply to the answer as to that allegation should be deemed sufficient. It was the duty of the circuit judge to have referred the case to the master to ascertain and report the relative value of the land possessed and held by Blackaby to the residue of the tract conveyed by appellees to appellant, and the costs of said action before rendering a final judgment. Nor can we concur with the court below in awarding the whole costs of this action against appellant. The whole costs arising upon the counterclaim were incurred by reason of the breach of warranty of appellees, and to that extent the judgment is also erroneous.

As the judgment must be reversed for the reasons stated, the credits indorsed on the note can be entered, although the failure to enter said credits would not have been an error for which this court would have reversed the judgment until a motion in the

Circuit Court to have the proper credits entered had been made and overruled.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.